**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| BILLY RAMIREZ-ALVERIO,<br><br>    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIVIL NO. 04-1624 (PG)<br>[Cr. No. 00-728 (PG)]<br>[Cr. No. 01-057 (PG)] |

**OPINION AND ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation regarding the instant 28 U.S.C. § 2255 petition. (Docket No. 8)  Upon review of the Report and Recommendation (id.), petitioner's objections thereto (Docket No. 9), the applicable law, and the record of the case, for the reasons set forth hereunder, the Report and Recommendation is **APPROVED AND ADOPTED**.  Accordingly, petitioner's motion is **DENIED**.

**I. BACKGROUND**

No objection having been filed to the Magistrate Judge's factual and procedural background, the Court culls the facts from the same. Petitioner was charged in two serious drug conspiracies and entered pleas of guilty in both cases.  Following a plea agreement, he was sentenced to 135 months imprisonment in each case and no appeal was taken.  His conviction became final on October 14, 2002, the date the 10-day period to file a notice of appeal expired.

On June 24, 2004, however, petitioner filed the present motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255,

Civil No. 04-1624 (PG)                                          Page 2

arguing that he received ineffective assistance of counsel because he timely instructed his counsel to file a notice of appeal and she did not. The government filed a reply submitting that petitioner had filed for relief after the expiration of the one-year limitations period provided by 28 U.S.C. § 2255, ¶ 6, calculated from the date petitioner's sentence became final or the date a duly diligent petitioner could have discovered the facts supporting his claim.

Upon referral, the Magistrate Judge recommended that petitioner's motion be dismissed as time-barred, finding that "petitioner had not placed the Court in a position to make a determination other than that he waited too long" and that he has not been duly diligent.

Petitioner objects on the grounds that he only learned in May of 2004 that his lawyer had not filed an appeal, that the failure of counsel to file an appeal is ineffectiveness per se, and that he is entitled to an evidentiary hearing. The government has not responded.

## II. DISCUSSION

Following the issuance of a Report and Recommendation, the Court reviews *de novo* the matters delimited by timely and appropriately specific objections. See 28 U.S.C. § 636(b) (2004), Fed. R. Civ. P. 72(b) (2004), and Local Rule 72(d) (2004); see also Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to a de novo review by the district court of the [Magistrate's] recommendations to which he objected, however he was not entitled to a de novo review of an argument never raised.") (citation omitted); Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999). An objection is timely if filed within ten days of receipt of the Magistrate's Report and Recommendation. See 28

Civil No. 04-1624 (PG) Page 3

U.S.C. § 636(b), Fed. R. Civ. P. 72(b), and Local Rule 72(d). The Court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Having reviewed petitioner's objections, the Court finds them meritless. As the Magistrate Judge rightly found, petitioner waited over two years to ask whether his counsel filed an appeal, and "such a lengthy and unexplainable wait hardly meets the due diligence requirement" of 28 U.S.C. § 2255. Inasmuch as there is no evidence that there was an impediment precluding petitioner from filing for relief earlier, and petitioner having offered neither justification nor excuse for his tardiness, the Court must conclude that his motion is time-barred. Accordingly, the Court is without jurisdiction to proceed any further.

### III. CONCLUSION

The Magistrate's Report and Recommendation is hereby **APPROVED AND ADOPTED**, and petitioner's motion for relief under 28 U.S.C. § 2255 is **DENIED** as time-barred. Judgment shall issue dismissing this case with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 21, 2005.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE